UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TRUONG CONG VU,

    Petitioner,

vs.

No. 1:16-cv-2174-WTL-TAB

SUPERINTENDENT New Castle Correctional Facility,

    Respondent.

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the effort of Truong Cong Vu to show constitutional infirmity in his custody arising from convictions in an Indiana state court fails. Accordingly, his petition for writ of habeas corpus must be **denied**. In addition, the Court finds that a certificate of appealability should not be issued.

**I.**

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). Accordingly, "when examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990).

Vu was convicted in Monroe County of criminal deviate conduct, two counts of criminal confinement, and sexual battery. His convictions were affirmed on appeal in *Vu v. State,* 2013 WL 3894115 (Ind.Ct.App. 2013). He filed a petition for transfer, asserting two claims, *viz.,* (1) whether the trial court erroneously denied Vu's motion for severance, and (2) whether the trial court committed fundamental error by allowing Vu's friend to serve as an interpreter. The petition was denied by the Indiana Supreme Court on October 25, 2013. On July 7, 2014, Vu filed a petition for post-conviction relief, docketed in the trial court as No. 53C05-1407-PC-001239, which was pending at the time this action was filed in August 2016 and which remains pending at present.

"[F]ederal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.'" *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014), and citing 28 U.S.C. § 2254(b)(1)). "[T]he burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits. . . ." *Bell v. Cone,* 543 U.S. 447, 451 n.3 (2005).

Vu has presented as grounds for habeas relief the six claims that he raised on direct appeal to the Indiana Court of Appeals. Four of these claims, however, were not included in his petition to transfer filed with the Indiana Supreme Court. He has committed procedural default as to such claims and offers no argument that this Court can or should reach the merits of his claims despite that default. *Johnson v. Foster,* 786 F.3d 501, 504 (7th Cir. 2015)("A federal court may excuse a procedural default if the habeas petitioner establishes that (1) there was good cause for the default and consequent prejudice, or (2) a fundamental miscarriage of justice would result if the defaulted claim is not heard.") (internal citations omitted).

Vu's fifth habeas claim is that the trial court erred by permitting a friend of Vu's to serve as interpreter during the trial, but Vu presented no objection to this at trial and hence it was waived on appeal. *See Lane v. Richards,* 957 F.2d 363, 366 (7th Cir.)(under Indiana procedural rules, all grounds for post-conviction relief which were available at the time of trial, direct appeal, or prior petition but were not raised in those proceedings are deemed waived), *cert. denied,* 113 S. Ct. 127 (1992). Again, Vu offers to suggestion that the merits of this claim should be reached.

Vu's final habeas claim is an asserted error of state law—the denial of a motion for severance of the charges. This claim is not cognizable here and hence warrants no relief because a viable habeas claim pursuant to 28 U.S.C. § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010); *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)("To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'")(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Vu has encountered the hurdle produced by the doctrine of procedural default. As to the doctrine of procedural default, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation[.]" *Coleman v. Thompson,* 501 U.S. 722, 731 (1991). He has not shown the existence of circumstances permitting him to overcome this hurdle and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **denied** without a decision being made as to the merits of his claims.

Judgment consistent with this Entry shall now issue.

**II.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Vu has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 8/18/2017

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

TRUONG CONG VU
225187
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Kelly A. Loy
OFFICE OF THE INDIANA ATTORNEY GENERAL
kelly.loy@atg.in.gov